IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY PRICE,                     No. CIV S-08-1153-LKK-CMK-P

    Plaintiff,

  vs.                                                     ORDER

DAVID B. DILLION, et al.,

    Defendants.

                                  /

          Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action. Pending before the court are plaintiff's first amended complaints (Docs. 20 and 22).

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff filed a first amended complaint on October 29, 2008 (Doc. 20), as of right under Federal Rule of Civil Procedure 15.[1]  Plaintiff now names Dillion, Risk Management, Kroger's Insurance Company, Food-4-Less, Loss Prevention Resources, Ross, Jellison, and Johnson.[2]  Invoking this court's federal question jurisdiction, plaintiff asserts racial discrimination in violation of his civil rights under 42 U.S.C. §§ 1985, 1986, 2000a, 2000a-1, and/or 2000a-2.  He also asserts claims of false imprisonment and negligence.  According to plaintiff, in November 2002 he was singled out as an African American and falsely accused of stealing merchandise from a Food-4-Less store.  While it appears that plaintiff was arrested, it is unclear from the amended complaint whether he was charged with a crime and, if so, whether criminal proceedings are ongoing or have been resolved in plaintiff's favor.[3]

---

[1]  On November 17, 2008, plaintiff filed a second document entitled "First Amended Complaint" (Doc. 22) which is identical to the October 2008 first amended complaint except for a request to consolidate this action with another action.  It is unclear whether plaintiff references case no. CIV-S-05-1987, captioned Lemma v. General Motors Corp., or case no. CIV-S-05-1887, captioned Martinez v. Guirbino.  However, because both cases are closed and neither involves the same parties, consolidation with the instant action is not appropriate.  Therefore, to the extent the November 2008 amended complaint can be construed as a motion to consolidate, the request will be denied.  Because the November 2008 amended complaint is essentially duplicative, it will be stricken.

[2]  Food-4-Less, Loss Prevention Resources, Ross, Jellison, and Johnson were not named in the original complaint.  The Clerk of the Court will be directed to update the docket to add these defendants.

[3]  Documents attached to the original complaint indicate that plaintiff fled the scene after police arrived in response to a call from store personnel of a shoplifter.  According to these

## II. DISCUSSION

The alleged factual basis of plaintiff's complaint is that he was not shoplifting and that he was singled out solely based on his race. Because it appears that plaintiff was charged with a crime and possibly convicted of a crime, concerns over this court's jurisdiction arise to the extent success on plaintiff's instant claims would necessarily imply the invalidity of any state court criminal conviction. Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).

Here, it is unclear whether plaintiff's action is barred.[4] Plaintiff will be provided an opportunity to file a second amended complaint which asserts the necessary factual allegations for the court to determine whether this action is barred. Specifically, plaintiff shall state whether he was convicted as a result of the events of November 2002 at the Food-4-Less store, whether

---

documents, which are not attached to the amended complaint, plaintiff was charged with petty theft. In the original complaint, plaintiff states that defendants "relied on discriminatory hearsay evidence to convict" him, seeming to indicate that he was found guilty of petty theft.

[4] The original complaint should have been dismissed with leave to amend for the same reason.

3

that conviction has been overturned or has otherwise resulted in a disposition in plaintiff's favor, and why plaintiff is currently incarcerated.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

Finally, the court notes that defendants Dillion and The Kroger Company have noticed a motion to dismiss (Doc. 28) the first amended complaint for hearing on January 29, 2009, before the undersigned in Redding, California. Because the first amended complaint is being dismissed with leave to amend, defendants' motion to dismiss is moot in that it refers to a pleading which is now a nullity. The motion will be stricken and no hearing will be held on January 29, 2009.

Accordingly, IT IS HEREBY ORDERED that:

1. The first amended complaint filed on November 17, 2008 (Doc. 22) is stricken;

2. Plaintiff's request to consolidate is denied;

3. The Clerk of the Court is directed to update the docket to add the following defendants: Food-4-Less, Loss Prevention Resources, Ross, Jellison, and Johnson;

4. Plaintiff's first amended complaint filed on October 29, 2008 (Doc. 20) is dismissed with leave to amend;

5. Defendants' motion to dismiss (Doc. 28) is stricken and the hearing set for January 29, 2009, is vacated; and

6. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: December 24, 2008

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE