# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM HENRY PRICE,

    Plaintiff,

  vs.

DAVID B. DILLION, et al.,

    Defendants.

                     /

No. CIV S-08-1153-LKK-CMK-P

FINDINGS AND RECOMMENDATIONS

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action. Pending before the court are plaintiff's second amended complaints (Doc. 31) and defendant's motion to dismiss (Doc. 33).[1]

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

---

[1] The motion to dismiss was filed before the court could screen the second amended complaint.

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

**I. BACKGROUND**

In the first amended complaint, plaintiff now names Dillion, Risk Management, Kroger's Insurance Company, Food-4-Less, Loss Prevention Resources, Ross, Jellison, and Johnson. In the second amended complaint he continues to name Dillion, Risk Management, Kroger's Insurance Company, Food-4-Less, Loss Prevention Resources, Ross, Jellison, and Johnson, and adds Western World Insurance Co. As with his original and first amended complaint, plaintiff invokes this court's federal question jurisdiction, and asserts racial discrimination in violation of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000a, 2000a-1, 2000a-2, 2000a-6, and/or 2000e. He also appears to assert claims of false imprisonment and false arrest. According to plaintiff, in November 2002 he was singled out as an African American and falsely accused of stealing merchandise from a Food-4-Less store.

Documents attached to the original complaint indicate that plaintiff fled the scene after police arrived in response to a call from store personnel of a shoplifter. According to these documents, which are not attached to the amended complaint, plaintiff was charged with petty theft. In the original complaint, plaintiff states that defendants "relied on discriminatory hearsay evidence to convict" him, seeming to indicate that he was found guilty of petty theft. Documents attached to the second amended complaint clarify the underlying facts. Specifically, these documents reveal that defendant Jellison, a loss prevention officer at defendant Food-4-Less,

completed a narrative stating that he observed plaintiff attempted to leave the store with a bottle of alcohol concealed in his pants. According to Jellison, upon being contacted outside the store, plaintiff fled and was later apprehended by an officer with the Oroville Police Department. The responding officer – Eric Akins – completed a "Declaration of Probable cause for Detention and Bail Setting" describing his apprehension of plaintiff. According to officer Akins, plaintiff had an outstanding warrant at the time of his arrest. Plaintiff also attaches portions of a transcript of a jury trial held in People v. Price, Butte County Superior Court case no. CM18201, a criminal prosecution arising from the November 2002 arrest. According to plaintiff's declaration submitted in support of his second amended complaint, plaintiff is currently in custody, apparently at High Desert State Prison in Susanville, California, as a result on a conviction arising from the Butte County criminal prosecution.[2]

## II. DISCUSSION

The alleged factual basis of plaintiff's action is that he was not shoplifting and that he was singled out solely based on his race. Based on documents attached to the second amended complaint, it is clear that plaintiff was convicted following a jury trial and that he is currently incarcerated as a result of that conviction. Where a civil rights action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994)

---

[2] The court previously ordered plaintiff to provide details of that conviction and the status of any appeal and/or post-conviction actions, but plaintiff has failed to do so.

(concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).

Here, the court finds that success on plaintiff's civil rights action would necessarily imply the invalidity of the underlying conviction for shoplifting from the Food-4-Less store in November 2002. As stated above, the basis of plaintiff's case is that he, in fact, did not steal from the Food-4-Less store and that his detention, arrest, and conviction were the result of "Jim Crowism." Success in establishing that he did not steal from the Food-4-Less store in November 2002, would necessarily mean that his conviction for doing so is invalid. In other words, if he prevails in this case it will mean that he is actually innocent of shoplifting. For this reason, the instant action constitutes a non-cognizable collateral attack on the state court conviction. Because there is no indication that the conviction was been otherwise invalidated on appeal or habeas corpus, the current civil rights action is barred.

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's second amended complaint (Doc. 31) be dismissed, without leave to amend;

2. Defendants' motion to dismiss (Doc. 33) be granted;

3. All other pending motions and requests be denied as moot; and

///

1. 4. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 14, 2009

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE